## Gallonia v. Ciallelia.

*Judgment—Opening judgment—Bond for costs by non-resident plaintiff— Right of defendant to such bond where confessed judgment has been opened— Rules of court.*

1. Where a confessed judgment has been opened on application of defendant, defendant is not entitled to require a non-resident plaintiff to file a bond for costs.

2. In interpreting a rule of court, the court will take into consideration the circumstances of the case, and if such circumstances justify it, will not apply a rule which on its face seems to apply.

Rule on non-resident plaintiff to give security for costs on an issue awarded after judgment opened on application of defendant. C. P. Lawrence Co., March T., 1924, No. 134.

*E. M. Underwood,* for plaintiff; *H. A. Wilkison,* for defendant.

HILDEBRAND, P. J., Oct. 11, 1926.—Judgment by confession was entered Jan. 28, 1924. Defendant presented his petition to open judgment and the prayer of his petition was granted Jan. 5, 1925. On Aug. 2, 1926, plaintiff presented his petition for the awarding of an issue. On the same day, defendant secured rule upon the plaintiff to show cause why the plaintiff should not give security for costs.

Rule 19, section 1, of the Rules of this Court reads as follows: "In cases where the plaintiff resides out of the State, in *qui tam* actions, in suits on

Gallonia v. Ciallelia.

administration bonds, or where the plaintiff, after suit brought, has taken benefit of the insolvent laws, the defendant, on filing an affidavit of a just defence to the whole demand, may enter a rule upon plaintiff to give security for costs within thirty days after notice, and in the meantime proceedings shall be stayed."

It appears from the depositions filed in the case that the plaintiff resides out of the State. The plaintiff, however, contends that the rule of court does not apply in this instance. With this position we are inclined to agree. We do not find that the question has been passed upon by the appellate courts of the State. In Firestone v. Christ, 2 Pa. C. C. Reps. 413, the identical question was passed upon by the Common Pleas Court of Warren County. The part of the rule of court for which application was sought by the defendant was the same as our rule of court. Judgment entered on a note had been opened and the defendant let into a defence. Defendant ruled the plaintiff as a non-resident to give security for costs. It was held that defendant was not entitled to such security, the court declaring that "the defendant in the judgment is in the position of a plaintiff in a bill asking the court to enjoin the plaintiff from collecting the judgment, and is not within the provision or spirit of the rule of court entitling defendants to ask security for costs."

This position is sustained in Barker & Co. v. Johnson, 2 Pa. C. C. Reps. 414, and in Western Publishing House v. Valentine, 3 Dist. R. 242. In the latter case the court made use of this language: "A plaintiff who has obtained a lien for his claim has passed the point where he may be asked to give security before he is allowed to go on with his suit. He has a judgment, valid for some purposes, although not for all, and thus far stands in a better position than a plaintiff whose suit has just been taken. We think he may fairly claim, as one of his advantages, to be free from the need of giving the security which is now demanded."

Under the circumstances in this case, the plaintiff should not be compelled to give security for costs.

Now, Oct. 11, 1926, the rule issued Aug. 2, 1926, upon plaintiff, Nick Gallonia, is discharged.        From William McElwee, Jr., New Castle, Pa.